IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN C. WALKER,

        Plaintiff,                No. CIV S-11-0306 EFB (TEMP) P

    vs.

SPENCER, et al.,

        Defendants.        <u>ORDER</u>

                          /

       Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v.*

1 *Rhodes*, 416 U.S. 232, 236 (1974).

2  The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts in which each individual defendant engaged and that support plaintiff's claim of a constitutional violation.  *Id*.  Therefore the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between an individual defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Here, the complaint does not ascribe any specific act to any particular defendant.  Instead, it groups all defendants indiscriminately together, without describing which defendant performed which allegedly harmful act.

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  Finally, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

////

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
2 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
3 complaint be complete in itself without reference to any prior pleading. This is because, as a
4 general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375
5 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
6 longer serves any function in the case. Therefore, in an amended complaint, as in an original
7 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8    In accordance with the above, IT IS HEREBY ORDERED that:

9    1. Plaintiff's request for leave to proceed in forma pauperis is granted.

10    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee
11 shall be collected and paid in accordance with this court's order to the Director of the California
12 Department of Corrections and Rehabilitation filed concurrently herewith.

13    3. Plaintiff's complaint is dismissed with leave to amend.

14    4. Plaintiff is granted thirty days from the date of service of this order to file an amended
15 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
16 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
17 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
18 two copies of the amended complaint; failure to file an amended complaint in accordance with
19 this order will result in a recommendation that this action be dismissed.

20 DATED: April 26, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4